# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN R. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:08-cv-01313-RCJ-RJJ |
| vs. ) | |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This case arises out of the alleged wrongful termination of a UPS delivery driver. Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 80). For the reasons given herein, the Court grants the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Kevin R. Smith was a driver for Defendant United Parcel Service, Inc. ("UPS"). (Compl. ¶ 7, Sept. 3, 2008, ECF No. 1, at 5). Defendant terminated Plaintiff after a confrontation between Plaintiff and another employee. (*Id.* ¶ 11).

Plaintiff sued Defendant in state court, alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as well as negligent hiring, training, and supervision ("NHTS") under state law. The Court granted Defendant's motion for summary judgment because Defendant had articulated a legitimate, nondiscriminatory reason for Plaintiff's termination, and because the state law claims were preempted by § 301 of the Labor Management Relations Act. The Ninth Circuit affirmed as to the Title VII claims, reversed as to the NHTS claim, and remanded. Defendant has now moved for summary judgment against the

NHTS claim on the merits.

## II.    SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing

1 party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
2 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
3 versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
4 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment
5 by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v.*
6 *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions
7 and allegations of the pleadings and set forth specific facts by producing competent evidence that
8 shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

9     At the summary judgment stage, a court's function is not to weigh the evidence and
10 determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477
11 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are
12 to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely
13 colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

14 **III.    ANALYSIS**

15     **A.    Timeliness**

16     Plaintiff first asks the Court to deny the present motion for summary judgment as
17 untimely because Defendant filed it after the time limit for dispositive motions under the original
18 scheduling order.  However, the Court previously ruled that the NHTS claim was preempted,
19 without addressing the claim on the merits.  Defendant now asks the Court to consider the NHTS
20 claim on the merits according to the arguments and evidence as put forth in its original motion.
21 (*See* Mot. Summ. J., July 31, 2009, ECF No. 32).  Defendant filed the present motion within
22 thirty days of the issuance of the Ninth Circuit's mandate and in fact before this Court even
23 spread the mandate upon its own records.  Defendant has added no argumentation or evidence
24 but has simply referred to its previous motion.  Defendant is not attempting to obtain a "second
25 bite at the apple" but only its first bite on an issue that the Court did not address in the first order.

1  The arguments and evidence presented in the present motion were timely presented under the
2  original scheduling order, and it is only this Court's refusal to address the relevant issues at that
3  time and Plaintiff's subsequent appeal that have delayed the Court's consideration of the NHTS
4  claim on the merits. Defendant has been diligent at all stages. The Court will therefore not deny
5  the present motion based on untimeliness.

### B.  The Merits

NHTS claims in Nevada require physical harm caused to the plaintiff by an employee of the defendant. *See Hall v. Raley's*, 2010 WL 55332, at *8–9 (D. Nev. Jan. 6, 2010) (Jones, J.). Plaintiff alleges an employee of Defendant "bumped" him and punched him several times in ways that constitute a common law battery. (*See* Compl. ¶¶ 13–14). Plaintiff testifies as to having been harassed by several of Defendant's employees in the workplace, and even physically attacked by one of them, even after bringing the harassment to the attention of his supervisors. (*See* Smith Dep. 98–105, June 4, 2009, ECF No. 38-4). However, Plaintiff has provided no evidence that Defendant had no policy preventing racial harassment at the workplace, and counsel admitted at the hearing that Defendant did have such a policy.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 80) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case, accordingly.

IT IS SO ORDERED.

Dated this 2nd day of December, 2011.

_____
ROBERT C. JONES
United States District Judge